## JOSEPH WEEKS *v.* SARAH HUNT.

*Where a person leased certain premises for the life of the lessor, reserving a right to sell the premises, and, in case of such sale, the lessee was to surrender the possession on the first of October next, after such sale, and the lessee covenanted to pay $130, on the day of executing the lease, (September 30, 1839,) and $130 annually, thereafter, during the continuance of said lease, and paid the $130 on the day of the execution of the lease, and the lessor, afterwards, on the same 30th September, 1839, executed a deed of the premises so leased, to a third person, who took possession on the first of October, 1839; it was held, that the $130 so paid, was for rent, paid in advance, and that the lessee could recover it back of the lessor, with interest, in an action for money had and received.*

ASSUMPSIT, for money had and received.

Plea, non assumpsit. Issue to the country.

Upon the trial, in the county court, the plaintiff offered in evidence an indenture, under seal, signed by the plaintiff and defendant, dated September 30, 1839, acknowledged and recorded in due form of law, in and by which the defendant leased to the plaintiff certain lands therein described, for and during the term of the defendant's natural life; with a proviso annexed, that if the defendant should sell said premises, then said lease to be void from and after the first day of October next after such sale; and in consideration thereof the plaintiff covenanted that he would pay the defendant one hundred and thirty dollars on the day of the date of said lease, one hundred and thirty dollars on the first day of October, 1841, and one hundred and thirty dollars on the first day of October, annually, thereafter, so long as the plaintiff should hold and enjoy said premises by virtue of said lease, and to keep the premises in good repair, and surrender up

the possession thereof to any person to whom the defendant might sell the same, on the first day of October after such sale ; but there was no clause in said lease reserving rent to the defendant.

The plaintiff also proved, that, at the time of the execution of said lease, he paid the defendant $130, in satisfaction of the sum, which the plaintiff covenanted to pay on the day of the execution of the lease, which sum was then indorsed on said lease.

The plaintiff further proved, that, after said lease was executed and recorded in the town clerk's office, the defendant, on the same 30th day of September, 1839, executed a deed of the same premises so leased to the plaintiff, to Martin W. Hunt, which last mentioned deed was delivered to the said Martin W., and recorded on the same 30th day of September, 1839, and that the said Martin W., at the time of receiving the deed to him, had full knowledge of the execution, delivery and recording of said lease to the plaintiff; that on the night of the 30th of September, 1839, or on the morning following, the said Martin W. took possession of said premises, and continued in possession to the time of the trial, and that the plaintiff never had possession.

On this evidence, the plaintiff insisted that he was entitled to recover of the defendant, in this action, the said sum of $130, so paid by him upon said lease, and the interest thereon, and the defendant insisted that the plaintiff was not entitled to recover.

The county court decided that the plaintiff was entitled to recover the said sum of one hundred and thirty dollars, deducting such proportion thereof as the time, from the execution of said lease until the end of the first day of October, 1839, bore to one full year, and the interest thereon, and so instructed the jury.

The jury returned a verdict for the plaintiff, and the defendant excepted to the decision and charge of the county court.

*Smalley & Adams,* for defendant.

The money received by the defendant, and to recover which this action is brought, was paid by the plaintiff upon and in satisfaction of the covenants contained in the lease.

It was, by the terms of the plaintiff's covenant, due when it was paid, and the defendant had, at that time, both a legal and equitable right to receive the money; consequently, if the plaintiff has any right to recover the money thus voluntarily paid, it must arise upon some event which has transpired since the payment.

The defendant has done no act that was inconsistent with the terms of her grant. The right of sale was, by her, expressly reserved in the grant, and this contingency was contemplated by the parties, and by them provided for; and although the plaintiff might receive less by the grant, if the defendant sold, than he would have received if she did not, it is difficult to discover how this is to affect the defendant's right to retain the money thus paid.

If it is insisted by the plaintiff that this $130, was paid as and for rent of the premises demised, that the premises have not been enjoyed, and, therefore, the rent ought to be returned, the answer is, that this sum was not paid as and for rent; because,

1. No rent was reserved in the lease. Rent, how reserved. Comyn's Landlord and Tenant, p. 99. 6 L. L. 56. Aikens' Forms, p. 158. Jac. L. D. Title, Lease of a House. 4 Cruise's Dig. p. 24, sec. 63, p. 25, sec. 67.

2. Reservation of rent, not necessary to the validity of a lease. 4 Cruise's Dig. p. 51, sec. 1.

3. Rent is defined to be a yearly profit, reserved and issuing out of lands, &c., and the reservation of rent carries with it, *ex vi termini*, a variety of incidents, such as a right to distrain, or a right of re-entry for non-payment, neither of which exist in this case.

The covenants, entered into on the part of the plaintiff, to pay certain stipulated sums of money to the defendant, not as and for rent of the premises demised, will not enable the defendant to distrain for the non-payment of these sums, nor re-enter upon the premises. Indeed, they do not, in any respect, give any one characteristic of rent reserved, or covenanted to be paid.

4. The covenant entered into by the plaintiff to pay the $130, on the day of the execution of the lease, is distinct and independent, not referring to the estate granted, nor attendant upon it, and the plaintiff may be compelled to

perform it, though nothing should pass by the demise. Comyn's Landlord and Tenant, 111. 6 L. L. 63. *Northcote* v. *Underhill*, 1 Salk. 199.

Admitting that the plaintiff's covenants, in this case, were not distinct and independent; yet, if any estate passed by the demise, though not the quantity intended to be conveyed, this covenant, though referring to the estate, will stand, though the estate be gone. *Evans* v. *Vaughn*, 10 C. L. R. 326. That the plaintiff took an interest, under this lease, is too clear to require argument.

*A.&O. Aldis*, for plaintiff.

The sale of the lands, by the defendant to her son, and keeping the money which the plaintiff had paid her for the rent was, under the circumstances, a *breach of good faith.* It was obtaining money by deceit. The court is justified in saying that it is proof of a trick, of a contrivance between her and her son, Martin, to obtain money without giving a consideration.

The count, for money had and received, lies to recover money obtained by deceit or fraud, or when the consideration happens to fail.

In this case there is both fraud and a total failure of consideration. 1 Chit. Pl. 113, 114. 4 Taunt. 112. 1 Taunt. 274.

II. The conveyance to Martin, by the defendant, was a *rescinding of the contract.* Before the plaintiff took possession of any part of the premises, the defendant conveyed away the whole. 2 Stark. Ev. 116, and cases there cited. 2 Com. on Con. 75, and cases cited.

III. The $130, was for annual rent for the year coming, and for nothing else. This appears from the amount paid, and, also, from the mode of payment.

To October 1, 1840, was one year for which the $130 was paid.

For the year from October 1, 1840, to October 1, 1841, no rent is payable till October 1, 1841, and then the same sum annually thereafter.

The opinion of the court was delivered by

ROYCE, J.—We are all satisfied that the annual payments

of one hundred and thirty dollars each, can only be regarded as the stipulated compensation for the enjoyment of the property leased by the defendant, and, therefore, that the money, sought to be recovered back, was the compensation for the first year's enjoyment, paid in advance. It is not essential to this view of the subject, that those payments should have been reserved by the name of rent.

The lease was executed September 30, 1839, and contained a reserved right to the defendant, to sell the land whenever she pleased; in which event, the plaintiff bound himself to surrender the possession to her grantee, on the 1st of October next after such sale. The defendant did sell and convey the land to a third person, on the same day of executing the lease to the plaintiff, viz : September 30, 1839, and the plaintiff, of course, became bound to surrender the premises on the next day. There was, therefore, a clear failure of consideration for the one hundred and thirty dollars advanced, and the plaintiff was entittled to recover.

Judgment affirmed